UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONALD Z. HAWTHORNE, III, | ) | CASE NO.1:05 CV 2980 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | ORDER OF TRANSFER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Donald Z. Hawthorne filed the above-captioned habeas corpus action against the United States of America pursuant to 28 U.S.C. § 2241. Mr. Hawthorne, who is confined at the Federal Correctional Institution at Gilmer in Glenville, West Virginia ("F.C.I. Gilmer"), maintains that he is illegally in custody because the sentencing court lacked subject matter jurisdiction to enhance his prison sentence.

*28 U.S.C. § 2241*
*Jurisdiction*

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484,

494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. Braden, 410 U.S. at 495. To evaluate jurisdiction, a court therefore must first identify the petitioner's custodian and then determine whether it has personal jurisdiction over that custodian.

The Sixth Circuit has joined several other courts of appeals in holding that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. See Vasquez v. Reno, 233 F.3d 688, 693 (6th Cir. 2000) (alien seeking writ of habeas corpus contesting legality of his detention by Immigration and Naturalization Service (I.N.S.) was required to name as respondent individual having day-to-day control over facility in which he was being detained, not Attorney General, absent extraordinary circumstances); see e.g., United States v. Moussaoui, 365 F.3d 292, 300 (4th Cir. 2004)(the relevant question is not whether the district court can serve the witnesses, but rather whether the court can serve the custodian); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992); Blango v. Thornburgh, 942 F.2d 1487, 1491-92 (10th Cir.1991) (per curiam); Brennan v. Cunningham, 813 F.2d 1, 12 (1st Cir.1987); Monk v. Secretary of Navy, 793 F.2d 364, 368-69 (D.C.Cir.1986); Billiteri v. United States Bd. of Parole, 541 F.2d 938, 948 (2d Cir.1976); Jones v. Biddle, 131 F.2d 853, 854 (8th Cir.1942). The warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court. Blango, 942 F.2d at 1492 n. 10; Guerra, 786 F.2d at 416.

At the time Mr. Hawthorne filed this pleading he was incarcerated at F.C.I. Gilmer. Therefore, his custodian, and the proper respondent in this action, is the warden at F.C.I. Gilmer. Inasmuch as that facility is not within this judicial district, the court lacks personal jurisdiction over

Mr. Hawthorne's custodian. Even if he were transferred, the court which had jurisdiction over his custodian at the time the petition was filed would retain jurisdiction for habeas purposes. See Cohen v. United States, 593 F.2d 766, 767 n. 2 (6th Cir.1979)(prisoner's transfer does not affect court's subject matter jurisdiction over the case).

Based on the foregoing, this court lacks jurisdiction over petitioner's custodian. See 28 U.S.C. § 2241. Therefore, this case is hereby TRANSFERRED to the United States District Court for the Northern District of West Virginia for all further proceedings. 28 U.S.C. § 1406(a). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan

PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated:   2/27/06